No. 68,220

UNIFIED SCHOOL DISTRICT NO. 380, MARSHALL COUNTY, KANSAS,
*Appellee,* v. DWIGHT E. MCMILLEN, *Appellant.*

(845 P.2d 676)

Opinion filed January 22, 1993.

*David M. Schauner,* of Kansas-National Education Association, of Topeka, argued the cause, and *Jonathan M. Paretsky,* of the same association, of Topeka, was on the brief for appellant.

*Fred W. Rausch, Jr.,* of Topeka, argued the cause and was on the brief for appellee.

*Cynthia Lutz Kelly,* of Topeka, was on the brief for *amicus curiae* Kansas Association of School Boards.

The opinion of the court was delivered by

HOLMES, C.J.: Dwight E. McMillen, a tenured teacher of U.S.D. No. 380 in Marshall County, appeals from a decision of the district court which, in effect, upheld the school board's decision not to renew McMillen's teaching contract for the 1991-92 school year. In its decision, the trial court held that K.S.A. 1991 Supp. 72-5443 violates §§ 2 and 5 of Article 6 of the Kansas Constitution.

The facts are not in dispute. Dwight E. McMillen was a certified, tenured, public schoolteacher employed by U.S.D. No. 380. On April 1, 1991, the school board of the district adopted a resolution stating its intent to nonrenew McMillen's contract. On April 10, 1991, the board notified McMillen in writing of its intent not to renew his contract for the 1991-92 academic year. McMillen timely requested a due process hearing pursuant to K.S.A. 72-5436 *et seq.* The hearing was conducted in August 1991, and on October 30, 1991, the hearing committee issued its written opinion in which it found, in a two-to-one decision, that the school board failed to show good cause to nonrenew McMillen's employment contract. The hearing committee concluded that the resolution of intent to nonrenew the contract should be rescinded and that McMillen should be reinstated to his teaching position with back pay. On November 4, 1991, the school board adopted the opinion of the hearing committee as its decision, as required by K.S.A. 1991 Supp. 72-5443.

On November 20, 1991, U.S.D. No. 380 filed a notice of appeal and petition in district court, pursuant to K.S.A. 1991 Supp. 60-2101(d) and K.S.A. 1991 Supp. 72-5443. The school district alleged that it did not agree with the majority opinion of the hearing committee, but was forced by the statute to adopt the opinion as its decision. The school district later amended its appeal to

include an allegation that K.S.A. 1991 Supp. 72-5443 is an unconstitutional violation of §§ 2 and 5 of Article 6 of the Kansas Constitution. The school district, in its amended appeal, requested that the court find K.S.A. 1991 Supp. 72-5443 unconstitutional.

On December 10, 1991, McMillen filed a motion to dismiss the appeal, asserting the district court lacked jurisdiction to hear the appeal. The district court denied the motion to dismiss at a hearing on January 14, 1992.

Following the filing of briefs, the trial court held a hearing on the issue of the constitutionality of K.S.A. 1991 Supp. 72-5443 and issued its opinion on April 7, 1992. The district court first addressed whether the authority granted to the due process hearing committee was in violation of the provisions of § 1 of Article 2 of the Kansas Constitution. The court reasoned that the function performed by the due process hearing committee was quasi-judicial in nature and not legislative and consequently was not an unlawful delegation of legislative authority. The court held that K.S.A. 1991 Supp. 72-5443 does not violate § 1 of Article 2 of the Kansas Constitution. There has been no cross-appeal from that determination, and whether the statute constitutes an unconstitutional delegation of legislative authority in violation of § 1 of Article 2 is not an issue presently before this court and will not be addressed in this appeal.

The district court next considered whether K.S.A. 1991 Supp. 72-5443 violated §§ 2 and 5 of Article 6 of the Kansas Constitution. The court determined that the statute removes from the local school board the authority to make the final decision whether a teacher's contract should be renewed and does violate §§ 2 and 5 of Article 6 of the Kansas Constitution. The court then concluded that the school board was not bound by the statutory requirement to adopt the hearing committee's opinion as its own decision. McMillen timely appeals from the district court's order finding K.S.A. 1991 Supp. 72-5443 unconstitutional. The merits of McMillen's dismissal and the specific findings of the hearing committee are not before the court for review and are not germane to the issues on appeal. Further proceedings in the district court have been stayed pending the final determination of this appeal.

K.S.A. 72-5436 *et seq.* set forth and govern the due process procedure afforded to a tenured schoolteacher in an employment dispute relating to the nonrenewal of a teacher's contract. K.S.A. 1991 Supp. 72-5438 and K.S.A. 1991 Supp. 72-5439 provide for the selection of the due process committee and for the procedure before the committee. K.S.A. 1991 Supp. 72-5443, the statute at issue before us, provides:

"(a) Unless otherwise agreed to by both the board and the teacher, the hearing committee shall render a written opinion not later than 30 days after the close of the hearing, setting forth its findings of fact and determination of the issues. The opinion of the hearing committee shall be submitted to the teacher and to the board and shall be binding on both parties.

"(b) Upon receiving the written opinion of the hearing committee, the board shall adopt the opinion as its decision in the matter and such decision shall be final, subject to appeal to the district court as provided in K.S.A. 60-2101, and amendments thereto."

At the outset, a brief review of the legislative history of 72-5443 is deemed appropriate. As originally adopted in 1974, 72-5443 permitted a board of education to accept or reject the recommendation of the hearing committee. The statute was amended in 1975 and 1976; however, those amendments are not material to the issues presented in this appeal. In 1984, the statute was amended to make a unanimous recommendation by the hearing committee binding on the school board. In 1991, the statute was again amended to make all decisions by the hearing committee binding on the school board. During the 1992 legislative session, the hearing process was changed again. The legislature replaced the three-person hearing committee with a single hearing officer. The decision of the hearing officer is final, subject to appeal by either party. L. 1992, ch. 185, §§ 2, 6. It is the 1991 amendment, as set forth above, which was controlling in this case and which the district court found violated §§ 2 and 5 of Article 6 of the Kansas Constitution.

Before turning to the constitutional issue, we are first faced with a jurisdictional challenge by McMillen in which he contends the school board lacked statutory authority pursuant to 72-5443(b) to appeal the hearing committee's opinion that the board had failed to show good cause to nonrenew McMillen's contract.

McMillen argues that K.S.A. 1991 Supp. 60-2101(d) does not provide the school district with the right to appeal, and thus the district court, as well as this court, lacks jurisdiction.

K.S.A. 1991 Supp. 60-2101(d) provides:

"A judgment rendered or final order made *by a political or taxing subdivision, or any agency thereof,* exercising judicial or quasi-judicial functions may be reversed, vacated or modified by the district court on appeal. If no other means for perfecting such appeal is provided by law, it shall be sufficient for *an aggrieved party* to file a notice that such party is appealing from such judgment or order with such subdivision or agency within 30 days of its entry, and then causing true copies of all pertinent proceedings before such subdivision or agency to be prepared and filed with the clerk of the district court in the county in which such judgment or order was entered. The clerk shall thereupon docket the same as an action in the district court, which court shall then proceed to review the same, either with or without additional pleadings and evidence, and enter such order or judgment as justice shall require. A docket fee shall be required by the clerk of the district court as in the filing of an original action." (Emphasis added.)

Although somewhat confusing, the thrust of McMillen's first argument seems to be that because K.S.A. 1991 Supp. 72-5443(b) requires the school board to adopt as its own decision the opinion of the hearing committee, the decision appealed from is really the decision of the hearing committee. McMillen asserts that a due process hearing committee is not a "political or taxing ·subdivison, or any agency thereof." Therefore, McMillen reasons, the school district lacks statutory authority to appeal the hearing committee's decision.

While it is true K.S.A. 1991 Supp. 72-5443(b) ·requires the board to adopt the opinion of the hearing committee as the board's decision, that requirement does not somehow convert the decision from one of the board into one solely of the hearing committee. K.S.A. 1991 Supp. 72-5443 clearly states "the board shall adopt the opinion [of the hearing committee] as its decision." To follow McMillen's argument to its logical conclusion would not only deny the school board the right to appeal, but also the teacher. If the ultimate decision is somehow one solely of the hearing committee and not of a "political or taxing subdivision, or any agency thereof," then K.S.A. 1991 Supp. 60-2101(d) would not apply to

either party and the appeal provisions of K.S.A. 1991 Supp. 72-5443(b) become meaningless.

In addressing this particular argument of McMillen, the Kansas Association of School Boards, as *amicus curiae,* states:

"When the Kansas Due Process Procedures Act was enacted, the right of appeal was included to ensure that a decision to terminate or nonrenew a teacher was not arbitrary, capricious, or unsupported by substantial evidence. At that time, because the decision was the board's decision, it followed that it was the teacher who appealed. However, with the 1991 amendments to K.S.A. 72-5443, it is the hearing panel, not the board, who decides. Given that the purpose of the statute is to ensure against arbitrary and unsupported decisions, and that the board is forced to adopt that decision as its own, to construe the statute as suggested by Mr. McMillen would allow for no appellate review in situations where an arbitrary decision favoring a teacher is made by the hearing panel, defeating the purpose of the statute. Surely the legislature could not have intended that only a portion of decisions be reviewable."

The language of K.S.A. 1991 Supp. 60-2101(d) does not limit the right to appeal to the teacher, but confers the right upon the "aggrieved party." In the instant case the hearing panel found that the school board had failed in its burden of proof. The school board contends otherwise. In addition, the school board asserts that it is the final arbiter of who should be hired or retained as teachers in the local public school system and that the Constitution places that duty upon the local school board. The school board also contends the statute granting the ultimate decision to the hearing panel is unconstitutional. Under such circumstances and the facts of this case, the school board is an "aggrieved party" and is entitled to appeal under the language of K.S.A. 1991 Supp. 60-2101(d).

McMillen next cites several cases for the propositions that "a party has no right to complain on appeal of an order in his favor" and that "a prevailing party has no standing to seek appellate review." He rather confusingly maintains that the school board, by adopting the hearing committee's opinion as its own, somehow becomes the "prevailing party" and thus lacks standing to appeal. The school board, however, was *not* the "prevailing party." The due process hearing committee's opinion found that the school district had failed its burden of proving good cause to nonrenew McMillen. The school board adopted that opinion, not willingly,

but because it was required to do so by statute. The board timely appealed from this decision. McMillen's argument is simply inapplicable and unpersuasive.

McMillen's additional argument that the school board "acquiesced" in the constitutionality of the statute by adopting the hearing committee's recommendation, thus barring appellate review, is likewise unpersuasive.

We conclude that K.S.A. 1991 Supp. 72-5443(b) does grant a school district that is aggrieved by the opinion of the hearing committee the right to appeal and that McMillen's various arguments attacking the jurisdiction of the district court and this court are without merit.

We now turn to the issues of whether K.S.A. 1991 Supp. 72-5443 violates §§ 2 and/or 5 of Article 6 of the Kansas Constitution. In considering the constitutionality of a statute duly enacted by the legislature, certain basic principles and rules apply.

"When a statute is attacked as unconstitutional a presumption of constitutionality exists and the statute must be allowed to stand unless it is shown to violate a clear constitutional inhibition. *Shawnee Hills Mobile Homes, Inc. v. Rural Water District,* 217 Kan. 421, 435, 537 P.2d 210 (1975). It is generally agreed that the Kansas Constitution limits rather than confers power and any power and authority not limited by the constitution remains with the people and their legislators. In *Leek v. Theis,* 217 Kan. 784, 800, 539 P.2d 304 (1975), this concept was stated as follows:

'When an act of a state legislature is assailed as void, it is only necessary to look to the federal and state constitutions for a specific restriction on that power. Thus an act of a state legislature on a rightful subject of legislation, is valid unless prohibited by the federal or state constitution. . . .'

"This court need not attempt to search out constitutional authority for enacting a challenged statute, but rather must determine if the legislation so clearly violates a constitutional prohibition as to place it beyond legislative authority. *Unified School District No. 255 v. Unified School District No. 254,* 204 Kan. 282, Syl. ¶ 2, 463 P.2d 499 (1969)." *NEA-Fort Scott v. U.S.D. No. 234,* 225 Kan. 607, 608-09, 592 P.2d 463 (1979).

In *Bair v. Peck,* 248 Kan. 824, Syl. ¶ 1, 811 P.2d 1176 (1991), we held:

"The constitutionality of a statute is presumed, and all doubts must be resolved in favor of its validity. Before a statute may be stricken down, it must clearly appear the statute violates the Constitution. Moreover, it is the court's duty to uphold the statute under attack, if possible, rather than

defeat it, and, if there is any reasonable way to construe the statute as constitutionally valid, that should be done."

Furthermore, "[a] statute will not be declared unconstitutional unless its infringement on the superior law of the constitution is clear beyond substantial doubt." *Samsel v. Wheeler Transport Services, Inc.,* 246 Kan. 336, Syl. ¶ 3, 789 P.2d 541 (1990).

Section 2(a) of Article 6 of the Kansas Constitution provides:

"The legislature shall provide for a state board of education which shall have general supervision of public schools, educational institutions and all the educational interests of the state, except educational functions delegated by law to the state board of regents. The state board of education shall perform such other duties as may be provided by law."

Section 5 of Article 6 of the Kansas Constitution provides:

"**Local public schools.** Local public schools under the general supervision of the state board of education shall be maintained, developed and operated by locally elected boards. When authorized by law, such boards may make and carry out agreements for co-operative operation and administration of educational programs under the general supervision of the state board of education, but such agreements shall be subject to limitation, change or termination by the legislature."

In holding that K.S.A. 1991 Supp. 72-5443 violates §§ 2 and 5 of Article 6 of the Kansas Constitution, the trial court reasoned:

"Turning to the second issue, the Court notes Section 5 of Article 6 of the Kansas Constitution specifically provides that local public schools shall be maintained, developed and operated by locally elected boards subject to the general supervision of the State Board of Education. This provision of the Kansas Constitution limits the authority of the legislature to delegate the local board's authority. Legislation which attempts to remove or limit such authority from locally elected boards is a violation of Section 5 of Article 6 of the Kansas Constitution.

"The provisions of K.S.A. 72-5443, as amended, continue to grant local boards of education the authority to initiate and present evidence in support of the termination or nonrenewal of teachers' contracts; however, the statute, as amended, removes the authority of the boards to make the final decision as to whether a contract should be terminated or nonrenewed. Under the statute, as amended, this authority is delegated to the hearing committee and the local board is limited to a prosecutorial function and its right to appeal.

"The Kansas Supreme Court in the cases of *Schulze v. Board of Education,* 221 Kan. 351, and *Crane v. Mitchell County U.S.D. No. 273,* 232 Kan. 51, issued opinions that the provisions of K.S.A. 72-8205 granted local boards of education the authority to hire, fire and discipline employees. Since this

statute has not been repealed or amended, and since the Kansas Appellate Courts have not reversed or modified their previous rulings, it is assumed this authority remains with the local boards unless the Court finds that it has been repealed by implication. In reading the Kansas Appellate Court decisions construing the provisions of K.S.A. 72-8205, along with Section 5 of Article 6 of the Kansas Constitution, it is the Court's opinion that even if the legislature intended to repeal the authority granted the board of education by the provisions of K.S.A. 72-8205, it was prohibited from doing so by Section 5 of Article 6 of the Kansas Constitution.

"The Kansas Supreme Court, in the case of *Wertz v. Southern Cloud Unified School District No. 334,* 218 Kan. 25, states on page 31 of the opinion:

'The interests of the school district are to protect the students from incompetent teachers and to maintain a proper atmosphere in the class-room for learning.'

"In order to fulfill these functions, it appears basic to the Court that it is necessary for the local board of education to have the right to make the final decision, subject to a tenured teacher's due process rights, of whether a teacher's contract should be terminated or nonrenewed and subject to rights of appeal. In the Court's opinion this is one of the [most], if not the most, important responsibility the board must exercise in order to build up, maintain, develop and operate efficient schools. In the event the final decision on this subject is denied the board of education, there is no limit on the effect it could have on the maintenance, development and operation of local schools.

"It is the opinion of the Court that the provisions of K.S.A. 72-5443 as amended violates Sections 2 and 5 of Article 6 of the Kansas Constitution.

"It is therefore ordered that the decision of the due process hearing committee be returned to the Board of Education of U.S.D. No. 380 for consideration in accordance with this decision."

The school district advances the same reasoning, albeit in a more verbose manner, in its brief on appeal.

Both McMillen and the school district, in their briefs, explicitly frame the constitutional issue as whether K.S.A. 1991 Supp. 72-5443 violates § 5 of Article 6 of the Kansas Constitution. The school district, in its docketing statement and in the body of its brief, however, does apparently maintain that the statute also violates § 2 of Article 6, and the trial court, although without analysis, held the statute did violate that portion of the Kansas Constitution.

Throughout the school district's brief, it maintains that local school boards have a constitutional right to hire and fire, and that K.S.A. 1991 Supp. 72-5443 usurps this power by removing

it from the hands of the local boards and placing it in the hands of a three-member hearing committee, in violation of the explicit language of § 5 of Article 6.

Nowhere does the school district argue that the power to hire and fire is a power granted by the Kansas Constitution to the state board of education. Section 2 of Article 6 limits the power of the state board of education to "general supervision" of public schools.

As used in § 2(a) of Article 6 of the Kansas Constitution, general supervision means the power to inspect, to superintend, to evaluate, and to oversee for direction. *State, ex rel., v. Board of Education,* 212 Kan. 482, Syl. ¶ 9, 511 P.2d 705 (1973). As found and employed both in the Kansas Constitution and in the statutes of this state, this court has held the term "general supervision" means something more than to advise and confer with, but something less than to control. 212 Kan. 482, Syl. ¶ 10.

The powers of the hearing committee pursuant to K.S.A. 1991 Supp. 72-5443 in no way unconstitutionally impinge on the state board of education's general supervisory authority. The hiring and firing of teachers and employees in a local school district has never been considered part of the supervisory duty of the state board of education and certainly is a duty best administered by local authorities within the statutory framework adopted by the legislature. The school district's argument that the statute in question violates § 2(a) of Article 6 is without merit, and the trial court erred in so holding.

The school district next asserts that K.S.A. 1991 Supp. 72-5443 violates § 5 of Article 6 of the Kansas Constitution. The school district (and the trial court) rely upon *Crane v. Mitchell County U.S.D. No. 273,* 232 Kan. 51, 652 P.2d 205 (1982), and *Schulze v. Board of Education,* 221 Kan. 351, 559 P.2d 367 (1977), for the proposition that the right to hire and fire school teachers is constitutionally vested in locally elected boards of education.

The basic thrust of the school district's arguments and the trial court's decision is that the duty to select and maintain an efficient, knowledgeable, and adequate teaching staff is one that devolves upon the local school board under its constitutional mandate to maintain, develop, and operate the local school system. It is argued that the duty of determining whether a teacher should

be retained in a local school system is one that must vest in the local school board, which is accountable to the public through the political, elective process, and not a duty that should be delegated to a committee which may be totally ignorant of local school policy and needs and is not accountable to anyone.

The position of the trial court and the school district is one that has considerable support, arguably makes sense, and certainly appeals to several, if not all, of the members of this court. However, if a legislative enactment is constitutional, it is not for this court to set policy or to substitute its opinion for that of the legislature no matter how strongly individual members of the court may personally feel on the issue.

The duty of an appellate court in considering a constitutional attack upon a legislative enactment was stated in *Harris v. Shanahan,* 192 Kan. 183, 206-07, 387 P.2d 771 (1963), as follows:

"It is sometimes said that courts assume a power to overrule or control the action of the people's elected representative in the legislature. That is a misconception. . . . The judiciary interprets, explains and applies the law to controversies concerning rights, wrongs, duties and obligations arising under the law and has imposed upon it the obligation of interpreting the Constitution and of safeguarding the basic rights reserved thereby to the people. In this sphere of responsibility courts have no power to overturn a law enacted by the legislature within constitutional limitations, even though the law may be unwise, impolitic or unjust. The remedy in such a case lies with the people."

See *Kansas Malpractice Victims Coalition v. Bell,* 243 Kan. 333, 341, 757 P.2d 251 (1988). In *Samsel v. Wheeler Transport Services, Inc.,* 246 Kan. at 348-49, this court stated:

"The interpretation of constitutional principles is an important responsibility for both state and federal courts. In determining whether a statute is constitutional, courts must guard against substituting their views on economic or social policy for those of the legislature. Courts are only concerned with the legislative power to enact statutes, not with the wisdom behind those enactments. When a legislative act is appropriately challenged as not conforming to a constitutional mandate, the function of the court is to lay the constitutional provision invoked beside the challenged statute and decide whether the latter squares with the former—that is to say, the function of the court is merely to ascertain and declare whether legislation was enacted in accordance with or in contravention of the constitution—and not to approve or condemn the underlying policy."

Thus, if the statute in question does not clearly contravene the provisions of § 5 of Article 6 of the Kansas Constitution, our duty is to uphold the statute, regardless of any personal views individual members of this court may have as to whether the statute is "unwise, impolitic, or unjust."

As previously indicated, the school board and the trial court both relied upon *Schulze v. Board of Education,* 221 Kan. 351, and *Crane v. Mitchell County U.S.D. No. 273,* 232 Kan. 51, to support the contention that K.S.A. 1991 Supp. 72-5443 was unconstitutional. We find such reliance to be misplaced.

In *Schulze,* the plaintiff was issued a letter of reprimand by his employer, the local school board, which was placed in his personnel file. Schulze then filed suit against the school board seeking an injunction against the action of the board and damages for malicious prosecution, libel, and slander. The trial court granted the board's motion for summary judgment and Schulze appealed. The issues before this court involved the jurisdiction of the school board over the administrative proceedings, the sufficiency of the due process granted Schulze, and whether the action of the board was a quasi-judicial function with immunity for the board members. There is nothing in *Schulze* which supports the contention that the constitutional duty of a local school board to maintain, develop, and operate the local school system includes the absolute right to hire and fire employees and precludes any statutory direction or control by the legislature.

*Crane* was another due process case that involved a nontenured teacher whose employment by the school board was terminated during the contract year for which he had been hired. Following administrative proceedings in which the school board terminated Crane's employment, he filed a separate action for damages claiming his termination had been wrongful. This court found that Crane's constitutional right to due process had been complied with by the board and that Crane's refusal to participate in the administrative proceedings constituted a waiver of his right to a due process hearing or of any complaints he may have had as to the procedure followed by the board.

Although the issue of the school board's power to hire and fire schoolteachers was not directly involved in either *Schulze* or

*Crane,* this court did state in both cases that the right to hire, fire, and discipline employees, including teachers, is vested in the local school board by statute. *Schulze,* 221 Kan. at 353; *Crane,* 232 Kan. at 63. In *Crane* the court also stated:

"It is clearly the intention of our legislature that school boards in this state conduct hearings and make decisions regarding the dismissal of teachers for cause. Absent bias or other disqualifying reasons *these decisions should remain with the body deemed by the legislature to be best qualified to make them.*" (Emphasis added.) 232 Kan. at 63.

In the present case, the school district glosses over the fact that in both *Schulze* and *Crane* this court stated that the right to hire and fire was a right provided to school boards by statute. Although that determination was not directly controlling of the issues in the cases, *Schulze* and *Crane* do imply that the hiring and firing of teachers is not a right conferred directly upon the local school board by § 5 of Article 6 of the Kansas Constitution but, to the contrary, is statutory. As a right created by statute, it is within the authority of the legislature to modify or refine that right so long as the legislation is in harmony with, and not in derogation of, the constitutional provisions relating to the same subject. *NEA-Fort Scott v. U.S.D. No. 234,* 225 Kan. 607, 610, 592 P.2d 463 (1979). In 1977, when this court rendered its opinion in *Schulze,* it was clearly the intention of our legislature that school boards in this state conduct hearings and make decisions regarding the dismissal of teachers. See L. 1974, ch. 301, § 8. This was also the law in effect when *Crane* was decided. In 1991, the legislature deemed a hearing committee the body best qualified to assume these functions and, consequently, modified the statutes to reflect that determination.

In determining whether the statute in question is constitutional, we must weigh the powers granted the legislature by § 1 of Article 6 of our constitution against the authority of the local school board, under § 5 of Article 6, to maintain, develop, and operate the local school system. Section 1 of Article 6 provides:

"The legislature shall provide for intellectual, educational, vocational and scientific improvement by establishing and maintaining public schools, educational institutions and related activities which may be organized and changed in such manner as may be provided by law."

It appears clear that the legislature under § 1 of Article 6 has the broad duty of establishing the public school system. The local school board's duties under § 5 of Article 6 are not self-executing but are dependent upon statutory enactments of the legislature. However, we do not imply that the legislature has carte blanche over the duties and actions of local school boards. The respective duties and obligations vested in the legislature and the local school boards by the Kansas Constitution must be read together and harmonized so both entities may carry out their respective obligations. In considering the competing provisions, we do not find that the statute in question is so unreasonable that it unduly interferes with or hamstrings the local school board in performing its constitutional duty to maintain, develop, and operate the local public school system.

When viewed as this court must, under the presumption of constitutionality and with all doubts resolved in favor of the statute's validity, it cannot be said K.S.A. 1991 Supp. 72-5443 "infringes beyond substantial doubt" upon § 5 of Article 6 of the Kansas Constitution. See *Bair v. Peck,* 248 Kan. 824, 811 P.2d 1176 (1991); *Samsel v. Wheeler Transport Services, Inc.,* 246 Kan. 336, 789 P.2d 541 (1990).

We conclude that the legislature had the power to vest in the hearing committee the right to make a binding determination on the issue of McMillen's retention as an employee of the school district, subject to the school board's right to appeal as provided by the statute.

K.S.A. 1991 Supp. 72-5443 does not violate the provisions of either § 2 or § 5 of Article 6 of the Kansas Constitution.

The judgment of the district court is reversed, and the case is remanded for further proceedings.