(864 P.2d 233)
No. 69,558

EVERETT E. AMES, *Appellant*, v. BOARD OF EDUCATION, UNIFIED SCHOOL DISTRICT NO. 264, SEDGWICK COUNTY, KANSAS, *Appellee*.
Petition for review denied 254 Kan. 1006 (1994).

Opinion filed December 3, 1993.

*Richard D. Anderson*, of Topeka, for appellant.

*Calvin D. Rider*, of Smith, Shay, Farmer & Wetta, of Wichita, for appellee.

Before ELLIOTT, P.J., GREEN, J., and THOMAS M. GRABER, District Judge, assigned.

ELLIOTT, J.: Everett E. Ames appeals the affirmance by the trial court of the decision of the Board of Education, Unified School District No. 264, (Board) to nonrenew his teaching contract for the 1990-91 school year. Ames was a tenured teacher.

We reverse.

Ames had been employed by the Board for 12 years. The Board delivered to Ames, in the form required by statute, its notice of nonrenewal of his teaching contract. The stated reason for nonrenewal was "inadequate teaching and communication techniques over an extended period of time with basic resistance to change." Ames requested a due process hearing.

The hearing committee conducted a full evidentiary hearing. The majority of the hearing committee found that Ames *probably* had inadequate teaching and communication techniques, but also concluded that Ames did *not* possess a basic resistance to change; that the evaluation procedures in K.S.A. 72-9001 *et seq.* were not properly complied with; and that nonrenewal was improper.

The Board adopted the committee's findings and conclusions, but nonetheless affirmed its decision to nonrenew the Ames contract. The Board made no further findings and gave no specific reasons in writing for ignoring the committee's conclusion that nonrenewal was improper.

Ames sought judicial review and the trial court entered judgment in favor of the Board. In its journal entry, the trial court found the Board had adopted the opinion of the hearing committee as its decision as required by K.S.A. 1991 Supp. 72-5443 and concluded the Board's decision to nonrenew was substantially supported by the evidence introduced at the due process hearing.

A board of education is required to follow the procedures of K.S.A. 72-5436 *et seq.* when nonrenewing a tenured teacher. *Gaylord v. U.S.D. No. 218*, 14 Kan. App. 2d 462, 464, 794 P.2d 307 (1990).

K.S.A. 1991 Supp. 72-5443 provides: "(b) Upon receiving the written opinion of the hearing committee, *the board shall adopt the opinion as its decision in the matter and such decision shall be final*, subject to appeal to the district court as provided in K.S.A. 60-2101, and amendments thereto." (Emphasis added.)

The Board had no discretion to exercise in the present case; it was required to adopt the committee's opinion as its decision. The statute has passed constitutional muster. See *U.S.D. No. 380 v. McMillen*, 252 Kan. 451, 845 P.2d 676 (1993).

The Board had stated two reasons for nonrenewal: inadequate teaching techniques and resistance to change. The hearing committee found Ames *probably* possessed inadequate teaching techniques but also found that Ames did *not* resist change. The committee further found the statutory evaluation procedure had not been followed and concluded that Ames' nonrenewal was improper.

Since the Board was required to adopt the committee's opinion as its own, the Board's decision was that Ames' nonrenewal was improper. If nonrenewal was improper, it necessarily follows that Ames should have been reinstated.

The Board, and on appeal the district court, failed to follow the mandates of K.S.A. 1991 Supp. 72-5443. The record supports the committee's findings. Accordingly, the trial court's decision

is contrary to the evidence. See *Gillett v. U.S.D. No. 276*, 227 Kan. 71, Syl. ¶ 3, 605 P.2d 105 (1980).

Reversed.