The Honorable Phil Martin State Senator, Thirteenth District 403 W. Euclid Pittsburg, Kansas 66762
Dear Senator Martin:
As senator for the thirteenth district, you request our opinion regarding the legality of a nepotism policy adopted by a board of education for a unified school district. The nepotism policy adopted by the board of education for unified school district no. 249 provides:
 "The board will not employ anyone who is the father, mother, brother, sister, spouse, son, daughter, son-in-law, daughter-in-law, brother-in-law, [or] sister-in-law, of any member of the board.
The policy of the school district has a similar effect on employment by the school district of relatives of school board members as K.S.A. 46-246a
has on the employment by the state of relatives of officers and employees of the state.
 "(a) From and after the effective date of this act, no state officer or employee shall advocate or cause the employment, appointment, promotion, transfer or advancement to any office or position of the state, of a member of such officer's or employee's household or a family member." K.S.A. 46-246a.
See K.A.R. 19-40-4.
The courts have generally recognized or assumed that legislation may be legitimately aimed at discouraging, minimizing, or eliminating the practice of nepotism in the public service, as a proper exercise of the police power. Thus challenges to the validity of such laws have usually focused on the particular manner in which their objective was sought to be achieved, or on a particular effect. While in most cases the courts have upheld the validity of laws regulating nepotism in the public service, invalidity has been found where the law had the effect of depriving a person of employment who had been lawfully appointed prior to the occurrence of an alleged nepotism violation, where the law was considered to be a bill of attainder, where it went further than was deemed reasonably necessary to accomplish its purpose, and where it constituted special and class legislation. 63A Am.Jur.2d Public Officersand Employees sec. 102 (1984); 11 A.L.R. 4th Nepotism in Public Service
826, 831 (1982).
In Bailey v. Turner, 108 Kan. 856 (1921), the Kansas Supreme Court upheld a state statute which prohibited the employment as a court reporter of a person "related by blood to the presiding judge of the court wherein he is employed." L. 1921, ch. 171, sec. 1. The validity of the statute was challenged by a person who had prior to enactment of the statute served as a court reporter in the court in which his uncle was presiding judge. The court determined that the court reporter previously served at the pleasure of the presiding judge, and the service as court reporter continued only at the express or implied permission of the presiding judge. Following the construction of similar phrases in other statutes, the court construed the nepotism provision as restricting the employment of persons within the ninth degree of kinship. "[B]eyond this degree the relationship is too remote to affect the practical affairs of life."Bailey, 108 Kan. at 861.
A unified school district has discretion in its employment practices.See K.S.A. 72-8202e; U.S.D. No. 380 v. McMillen, 252 Kan. 451 (1992). The nepotism policy adopted by the board of education for unified school district no. 249 directs the actions of the board of education. The nepotism policy is clearer than the statute upheld in Bailey, supra, as it designates the particular relatives of board members who may not be employed by the board. The school district's policy prohibits the employment of persons within two degrees of consanguinity or affinity, rather than the nine degrees upheld in Baily, supra. (In-laws may be included within the provisions of a nepotism policy. See Collier v.Civil Service Commission, 817 S.W.2d 404 (C.A. Tex. 1991); State ex rel.Summer v. Denton, 382 So.2d 461 (Miss. 1980). See also Kansas Commission on Governmental Standards and Conduct Opinion No. 92-20.) We are provided with no information indicating that the nepotism policy of the school district had the effect of depriving a person of employment who was lawfully employed by the school district at the time the nepotism policy became effective. Under such circumstances, the nepotism policy of the school district serves the valid purpose of preventing conflicts of interest in the administration of the educational system and thus is within the school district's authority to promulgate.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm