The Honorable David Adkins State Representative, 28th District 8021 Belinder Road Leawood, Kansas 66206
Dear Representative Adkins:
As representative for the twenty-eighth district and chairman of the Kansas youth authority, you request our opinion regarding whether persons participating in YouthFriends, a program designed to facilitate positive adult-youth relationships, are required to present certifications of health to local boards of education.
YouthFriends is a volunteer program which attempts to bring businesses, civic organizations, and individuals together to provide caring, quality programs for pupils of unified school districts. Individuals participating in the program may serve in the following roles: mentor, with a weekly one-hour commitment during the school term; academic coach, with a one- or two-hour weekly commitment for a term of eight or sixteen weeks; recess game coordinator, with a one-hour weekly commitment for a period of four weeks; and career exploration, with three one-hour sessions per semester. The individuals may be matched with a single pupil, or participate in group activities. Activities may occur before, during, or after school hours.
Some of the school districts participating in YouthFriends have required persons who have volunteered for the program to provide to the school districts certifications of health, believing such certifications are required under K.S.A. 72-5213.
K.S.A. 72-5213 provides in part:
 "(a) Every board of education shall require all persons, whether employees of the school district or under the supervision thereof, who come in regular contact with the pupils of the school district, to submit a certification of health signed by a person licensed to practice medicine and surgery under the laws of any state on a form prescribed by the secretary of health and environment. The certification shall include a statement that there is no physical condition that would conflict with the health, safety, or welfare of the pupils; and that freedom from tuberculosis has been established by chest x-ray or negative tuberculin skin test." K.S.A. 72-5213 (emphasis added).
The interpretation of a statute is a question of law over which the court has unlimited review. Degollado v. Gallegos, 260 Kan. 169, syl. ¶ 2 (1996). A cardinal rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. Id., at 169, syl. ¶ 3. In determining legislative intent, courts are not limited to a mere consideration of the language used, but may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. Galindo v. City ofCoffeyville, 256 Kan. 455, syl. ¶ 4 (1994). Where a statute is designed to protect the public, the language must be construed in the light of the legislative intent and purpose and is entitled to broad interpretation so that its public purpose may be fully carried out. State v. Adee,241 Kan. 825, 829 (1987). If the legislature disagrees with the court's interpretation of the statute, the legislature has the power to set aside the court's interpretation by amending the statute. Tompkins v. Bise,259 Kan. 39, syl. ¶ 3 (1996).
As originally enacted, K.S.A. 72-5213 was applicable only to employees of the school district who were in regular contact with pupils, requiring that such employees present certifications of health "as a condition of entering or continuing employment." L. 1963, ch. 358, § 2. In 1974, the statute was amended so that "all persons, whether employees, student teachers or practicum student teachers, who come in regular classroomcontact with the pupils of a school district" were required to present certifications of health. L. 1974, ch. 300, § 1. Upon the request of the Kansas state nurses' association, the statute was again amended in 1980 to its present form, requiring certifications of health from "allpersons, whether employees of the school district or under the supervisionthereof, who come in regular contact with the pupils of the school district." Testimony before the house committee on education indicates that the amendment was designed to require certifications from any school employees, but primarily kitchen workers, who were in close contact with pupils. See Minutes, House Committee on Education, January 23, 1980. However, when considering the actual language of the amendment, its application appears much broader than that indicated in the testimony.
A person is subject to the provisions of the statute if the person: (i) is an employee of the school district or under the supervision thereof, and (ii) is in regular contact with pupils of the school district. The statute does not include definitions establishing those persons who are considered to be employed by a school district or who are under the supervision thereof, or what constitutes regular contact with pupils.
EMPLOYEE
A definition of employee is provided in K.S.A. 72-9002. The statute is part of an act regarding evaluation of school personnel, with the definition of employee limited to certificated employees of the school district. Certificated employees generally are school administrators, school counselors, teachers, school psychologists, and school social workers. See K.A.R. 91-1-26 et seq. Given the testimony before the house committee on education that the purpose of the 1980 amendment was to require certifications from any school employees, but primarily kitchen workers, the definition of employee included in K.S.A. 72-9002
appears too narrow when determining the proper construction of K.S.A.72-5213.
A general definition for employee is provided in Black's Law Dictionary. Employee is defined as:
 "A person in the service of another under any contract of hire, express or implied, oral or written, where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed. [Citation omitted]. One who works for an employer; a person working for salary or wages.
 "Generally, when person for whom services are performed has right to control and direct individual who performs services not only as to result to be accomplished by work but also as to details and means by which result is accomplished, individual subject to direction is an `employee'." Black's Law Dictionary, 525 (6th ed. 1990) (emphasis added).
The primary test used by the courts in determining whether the employer-employee relationship exists is whether the employer has the right of control and supervision over the work of the alleged employee, and the right to direct the manner in which the work is to be performed, as well as the result which is to be accomplished. It is not the actual interference or exercise of the control by the employer, but the existence of the right or authority to interfere or control, which renders one a servant rather than an independent contractor. Mitzner By and Through Bishop v. State,257 Kan. 258, syl. ¶ 2 (1995).
Provisions within the Kansas workers' compensation act, K.S.A.44-501 et seq., and the Kansas tort claims act, K.S.A. 75-6101 et seq., indicate that the term employee may include a person who does not receive compensation for services provided. See K.S.A. 1995 Supp. 44-508, as amended by L. 1996, ch. 79, § 3; 75-6102, as amended by L. 1996, ch. 91, § 4. These provisions alter the commonly understood meaning of the term employee and are specific to the respective acts. When construing a statute, a court should give words in common usage their natural and ordinary meaning.Galindo, 256 Kan. at 455, syl. ¶ 5. Therefore, under K.S.A. 72-5213, an employee of the school district is one who is under a contract of employment, is receiving salary or wages from the school district, and is under the control of the school district such that the school district has the right to direct the manner in which the employee's work is to be performed and the results to be accomplished.
It is our understanding that their is no contractual agreement, oral or written, between the YouthFriends volunteer and the school district. The YouthFriends volunteer receives no monetary compensation from the school district. While the school district may possess some authority in designating times during which the YouthFriends volunteer may provide assistance on school property, the goals of the YouthFriends program are developed by the program itself. The school district does not possess the authority to control the manner in which the YouthFriends volunteer provides services or assistance. For these reasons, it is our opinion that a YouthFriends volunteer is not an employee of the school district under K.S.A. 72-5213.
SUPERVISION
While a YouthFriends volunteer is not an employee of the school district under K.S.A. 72-5213, the YouthFriends volunteer may still be subject to K.S.A. 72-5213 if the volunteer is under the supervision of the school district. InState, ex rel., v. Board of Education, 212 Kan. 482
(1973), the Kansas Supreme Court reviewed the meaning of the term general supervision as used in section 1 of article 6 of the Kansas constitution and applicable education statutes. Acknowledging that "[i]t is difficult to be exact as to the legal meaning of the term, for much depends on the context in which it is set out,"212 Kan. at 491, the court determined that "general supervision means the power to inspect, to superintend, to evaluate, to oversee for direction." The term means something more than to advise and confer with but something less than to control. Id., at 482, syl. ¶¶ 9, 10. See also U.S.D. No. 380 v. McMillen,252 Kan. 451, syl. ¶ 3 (1992). A determination regarding whether a YouthFriends volunteer is under the supervision of the school district must be made on a case-by-case basis.
REGULAR CONTACT
A YouthFriends volunteer who is deemed to be under the supervision of the school district falls within the ambit of K.S.A. 72-5213
if the YouthFriends volunteer comes in regular contact with the pupils of the school district. However, neither the statute nor the legislative history for the enactment of L. 1980, ch. 219, § 1 fully discloses the types and frequencies of contacts which would bring a volunteer within the provisions of K.S.A. 72-5213.
We have located court opinions which refer to regular contact in the context of termination of parental rights, probation requirements, testamentary capacity, and business contacts. The cases, however, do not establish a list of factors to be considered in determining whether regular contact occurs. Rather, a determination is made based on the specific circumstances of each case situation.
The term "regular" is defined as:
 "Conformable to law. Steady or uniform in course, practice, or occurrence; not subject to unexplained or irrational variation. Usual, customary or general. [Citation omitted.] Made according to rule, duly authorized, formed after uniform type; built or arranged according to established plan, law, or principle. Antonyn [sic] of `casual' or `occasional.' [Citation omitted.]" Black's Law Dictionary, 1285 (1990) (emphasis added).
Because the purpose of the statute is to protect the health of pupils against such an infectious disease as tuberculosis which is transmitted through the air, contact which would bring a volunteer within the parameters of the statute is not limited to direct physical contact, but would include contact based on proximity between a volunteer and a pupil. As in determining whether a volunteer is under the supervision of a school district, a determination regarding whether a volunteer is in direct contact with pupils of the school district must be made on a case-by-case basis.
In review, persons who must submit certifications of health pursuant to K.S.A. 72-5213 are those persons who are employees of a unified school district, or under the supervision thereof, and are in regular contact with pupils of the school district. A YouthFriends volunteer is not under a contractual agreement with a school district for services provided as a YouthFriends volunteer, does not receive monetary compensation from the school district for such services, nor is under the control of the school district necessary to deem the YouthFriends volunteer an employee of the school district. A determination regarding whether a YouthFriends volunteer is under the supervision of the school district and comes in regular contact with pupils of the school district such that the YouthFriends volunteer must submit a certification of health pursuant to K.S.A.72-5213 must be made on a case-by-case basis.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm