The Honorable Anthony Hensley State Senator, 19th District 2226 S.E. Virginia Avenue Topeka, Kansas 66605-1357
Dear Senator Hensley:
As Democratic Leader in the Kansas Senate, you request our opinion regarding whether a person employed by a unified school district may seek the office of and serve as a member of the State Board of Education.
Section 3 of Article 6 of the Kansas Constitution states in part:
 "There shall be ten members of the state board of education with overlapping terms as the legislature may prescribe. The legislature shall make provision for ten member districts, each comprised of four contiguous senatorial districts. The electors of each member district shall elect one person residing in the district as a member of the board."
The procedure for electing members of the State Board of Education is set forth in Article 19 of Chapter 25 of the Kansas Statutes Annotated. In establishing the manner through which a person may become a candidate for election to the office of State Board member, K.S.A. 25-1903 states that the person must be an elector of the board member district that corresponds to the position sought by the person. Prior to July 1, 2003, a person who was an officer or employee of the State of Kansas, a unified school district, or a community college could seek the office of State Board of Education member, but was disqualified from concurrently being an officer or employee of the State, a unified school district, or community college and member of the State Board of Education.[1] By adopting 2003 House Bill No. 2179, the Kansas Legislature repealed the disqualification from office.[2]
In determining whether a person currently employed by a unified school district may seek the office of and serve as a member of the State Board, it is necessary to construe K.S.A. 25-1901 et seq.
 "The most fundamental rule of statutory interpretation and construction, to which all other rules are subordinate, is that the intent of the legislature governs if that intent can be ascertained. We must give effect to that intent, which the legislature is initially presumed to have expressed through the language it used. When a statute is plain and unambiguous, there is no need to resort to statutory construction. An appellate court merely interprets the language as it appears; it is not free to speculate and cannot read into the statute language not readily found there."[3]
The statutes must be construed in their present form. Pursuant to K.S.A.25-1903, a person seeking the office of State Board of Education member must be an elector of the member district position sought by the person. In order to serve as a member of the State Board, the person is required under Section 3 of Article 6 of the Kansas Constitution to be a resident of the member district. There is no statutory prohibition against an employee of a unified school district from seeking the office of and serving as a member of the State Board of Education.
We next determine whether the common law doctrine of incompatibility of office precludes a school district employee from serving as a member of the State Board. In Unified School District No. 501, Shawnee Countyv. Baker,[4] the Kansas Supreme Court determined that the common law doctrine precluded a teacher from serving as a member of the board of education for the unified school district by which the teacher was employed. The "incompatibility of office doctrine" stands for the proposition that the same person may not hold two offices incompatible with each other as a matter of public policy.[5] In reviewing the roles of the teacher and board member, the Court determined:
 "[T]he inescapable conclusion is that Baker's positions are incompatible. By assuming the role of teacher and Board member, Baker occupies one position that is subordinate to the other. As Board member she is the employer and as teacher, the employee. In her capacity as Board member she sits on a policy-making body that negotiates with the teachers' collective bargaining representative, who is also her representative as a teacher. This is a clear conflict of interest. Similarly, Baker is subject to discipline by the Board. She may, under certain circumstances, be fired by it. The principal who must evaluate Baker's performance as a teacher indirectly answers to Baker as a board member. As Baker discharges her Board duties, her actions, no matter how well-intentioned, will be colored by the conflict inherent in her two positions."[6]
Therefore, even though there is no statutory prohibition against a teacher serving as a member of the board of education for the unified school district by which the teacher was employed, the common law doctrine of incompatibility of office precludes such concurrent service.
 "Incompatibility is to be found in the character of the offices and their relation to each other, and in the subordination of the one to the other, and in the nature of the duties and functions which attach to them. They are generally considered incompatible where such duties and functions are inherently inconsistent and repugnant, so that because of the contrariety and antagonism which would result from the attempt of one person to discharge faithfully, impartially, and efficiently the duties of both offices, considerations of public policy render it impossible for an incumbent to retain both."[7]
The role of the State Board is to provide "general supervision of public schools, educational institutions and all the educational interests of the state, except educational functions delegated by law to the state board of regents."[8] In performing this role, the State Board has "the power to inspect, to superintend, to evaluate, and to oversee for direction."[9] "As found and employed in both the Kansas Constitution and in the statutes of this state, [the Kansas Supreme Court] has held the term `general supervision' means something more than to advise and confer with, but something less than to control."[10] The mission of the State Board is to equalize and promote the quality of education through statewide accreditation of schools and licensure of administrators and teachers.[11] The State Board does not determine the compensation to be paid to a school district employee or the particular duties to be performed by a school district employee, nor is it engaged in the direct supervision of the employee. The duties and functions of member of the State Board and employee of a unified school district are not inherently inconsistent and repugnant. The concerns raised in Baker do not exist in this instance. Therefore, the common law doctrine of incompatibility of office does not preclude an employee of a unified school district from seeking the position of and concurrently serving as a member of the State Board of Education.
Sincerely,
Paul J. Morrison
Attorney General of Kansas
Richard D. Smith
Assistant Attorney General
PJM:MF:RDS:jm
[1] K.S.A. 25-1904 (repealed). See State ex rel. Stephan v.Johnson, 14 Kan. App. 2d 542 (1990); Attorney General Opinion No.94-113.
[2] L. 2003, ch. 84, § 1.
[3] Board of County Comm'rs of Leavenworth County v. Whitson,281 Kan. 678, 685 (2006) (internal citations omitted).
[4] 269 Kan. 239 (2000).
[5] Unified School District No. 501, Shawnee County v. Baker,269 Kan. 239, 248 (2000).
[6] Unified School District No. 501, Shawnee County v. Baker,269 Kan. 239, 251 (2000).
[7] Attorney General Opinion No. 97-63, quoting 63A Am.Jur.2dPublic Officers and Employees § 78 (1984).
[8] Kan. Const., Art. 6, § 2.
[9] Unified School District No. 380, Marshall County v. McMillen,252 Kan. 451, 460 (1993); State ex rel. v. Board of Education(Peabody), 212 Kan. 482, 490-91 (1973).
[10] McMillen, 252 Kan. at 460. See also NEA-Fort Scott v. Board ofEducation, 225 Kan. 607, 609 (1979); Peabody, 212 Kan. at 492.
[11] Unified School District No. 279, Jewell County v. Sec'y of KansasDepartment of Human Resources, 247 Kan. 519, 535-36 (1990); NEA-FortScott, 225 Kan. at 610-11.